IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31479
Summary Calendar
_____

TROY ARMSTRONG,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1107
--------------------
August 20, 2001

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Troy Armstrong appeals the district court's judgment affirming the Social Security Commissioner's decision to deny him disability benefits. He argues that the case should be remanded for further administrative proceedings so that he has an opportunity to meet his burden to show whether alcoholism is a contributing factor material to his disability. See Brown v. Apfel, 192 F.3d 492, 498-99 (5th Cir. 1999). Because the record shows that Armstrong had no notice or knowledge that he had to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

carry the burden of proof on that issue, by introducing evidence that supports a finding in his favor that he would still be disabled even if he stopped using alcohol, remand for further administrative proceedings is appropriate. See Brown, 192 F.3d at 499.[**] Further, the Administrative Law Judge's ("ALJ") finding on this issue is not supported by substantial evidence. The ALJ stated that Dr. Pushpita Pramanik opined that Armstrong's organic brain disorder would improve if he stopped drinking, but Dr. Pramanik's assessment contains no such statement.

Armstrong also argues that the ALJ erred in failing to explain why she denied Armstrong's request to appoint a medical advisor to assist in the third step of the disability inquiry. Inasmuch as Armstrong does not challenge the ALJ's findings at the third step, this argument is without merit.

Armstrong also challenges the hypothetical posed by the ALJ to the vocational expert at the fifth step of the disability inquiry. Because the case must be remanded for further administrative proceedings that could implicate the inquiry, it is unnecessary to address this argument.

The judgment of the district court is VACATED and this case is REMANDED for further administrative proceedings.

---

[**] The Commissioner argues that Armstrong waived this issue by failing to raise it in the district court, but the issue was expressly raised by Armstrong in his objections to the magistrate judge's report and recommendation.